

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2007

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4397

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Johnson" (2007). *2007 Decisions.* Paper 1722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4397

_____

UNITED STATES OF AMERICA

vs.

JAYVONNE MICHAEL JOHNSON,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00325)
District Judge:  The Honorable John E. Jones, III

_____

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2006

BEFORE: SLOVITER, CHAGARES, and NYGAARD, Circuit Judges.

(Filed January 31, 2007 )

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

Jayvonne Johnson was serving a 234-month prison sentence at the Lewisburg Prison Camp when he walked away to care for his ailing father. Johnson was apprehended over two years later, and subsequently pleaded guilty to escaping from a correctional facility under 18 U.S.C. §751(a).

The Probation Office calculated a Guidelines sentencing range of 37-46 months, based upon an offense level of 14 and a category VI criminal history. At his sentencing hearing, Johnson made no objection to the PSR calculation, but argued his individual circumstances merited a lower sentencing range more consistent with pre-Guidelines punishment of prison "walk-aways." The District Court sentenced Johnson to a term of 37 months in prison.

II.

We have instructed District Courts to follow a three-step analysis in sentencing criminal defendants. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). The District Court must 1) continue to calculate the defendant's Guidelines sentence precisely as it would have before *United States v. Booker*; 2) formally rule on the parties' motions, stating on the record whether it is granting a departure and how that departure affects the Guidelines calculation; and 3) exercise its discretion by considering the relevant 18 U.S.C. §3553(a) factors. *Id.* At step three, "[t]here are no magic words that a district

2

judge must invoke when sentencing, but the record should demonstrate that the court considered the §3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006).

We conclude the District Court carefully considered the relevant §3553(a) factors and imposed a reasonable sentence in light of Johnson's particular case. The District Court explicitly noted its obligation to consider factors such as the seriousness of the offense, protection of the public, provision of needed education or treatment and the adequacy of deterrence. More importantly, the record reveals the District Court weighed Johnson's particular circumstances – such as the nature of, and reasons behind, his escape. It also contemplated what signal a below-Guidelines sentence might send to other prison "walk-aways." Ultimately, Johnson's sentence was reasonable. The District Court adhered to the low-end of the Guidelines range, found no reason to depart from that range, declined to impose a fine and opted not to impose an additional term of supervised release.

## III.

The District Court properly calculated Johnson's Guidelines sentence, carefully considered the parties' arguments and prudently exercised its discretion. We will affirm Johnson's sentence.